IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02324-RPM

RICKY NIXON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER and
CHARLES GARCIA, former Manager of Safety in his official capacity,

    Defendants.

_____

ORDER FOR DISMISSAL
_____

    The plaintiff, Ricky Nixon, has been the subject of a very large volume of publicity arising out of his actions as a Denver police officer in two incidents. They are referred to as the Landau and Denver Diner incidents respectively occurring on January 15, 2009, and July 12, 2009. The First Amended Complaint, filed on January 13, 2014, contains detailed factual allegations of the publicity, unfavorable to the plaintiff and the Denver Police Department, arising out of these incidents, the investigations made and the disciplinary proceedings affecting Mr. Nixon. He alleges that despite his exoneration in the investigation conducted and the recommendations of command officers, he was fired by the defendant Charles Garcia, then Manager of Safety, on April 11, 2011.

    That decision was reversed after an evidentiary hearing by a panel of hearing officers of the Denver Civil Service Commission on January 13, 2012. That decision was affirmed on appeal to the Commission on October 11, 2012. The City appealed to the Denver District Court for limited judicial review as provided by C.R.C.P. 106. Judge

Starrs reversed the Commission's decision on September 26, 2013.  Mr. Nixon has appealed to the Colorado Court of Appeals.

In this civil action, the plaintiff seeks damages from the City[1], claiming that the adverse employment actions against him were unfounded and motivated by the City's reaction to adverse publicity and political pressure.  This, he says was in violation of the First and Fourteenth Amendments to the U.S. Constitution, protecting his freedom to speak on issues of public concern and a deprivation of his liberty interest in his reputation.

The defendant moved for dismissal of the First Amended Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  Taking all of the factual allegations as true, the motion is granted.

Most of the speech that is alleged is that of the plaintiff in his defense throughout the many hearings and reports concerning the disputed termination.  The exception is that Mr. Nixon appeared before the Civil Service Commission to protest a proposal to change the rules governing a police officer's right to seek review of adverse employment actions.  That is protected speech because that is clearly a matter of public concern and not just personal to the plaintiff.  That was in 2013 and would not be a motivating factor in Manager Garcia's termination decision in 2011.

The plaintiff has failed to show that his statements and those of his supporters concerning all of the administrative processes seeking reversal of the Manager's decision were anything more than comments about those proceedings.  What the

---

[1] The amended complaint names Charles Garcia as former Manager of Public Safety in his official capacity.  That is redundant to the claims against the City.

plaintiff contends is that he has been deprived of a right to preserve his employment and his liberty by the City's insistence on supporting the termination.  There is nothing to support any claim of unconstitutionality of the process followed.  The plaintiff challenges Judge Starrs' decision but that is not reversible in this court.

The plaintiff concedes dismissal of his civil conspiracy claim.

Upon the foregoing, it is

ORDERED, that this civil action is dismissed for failure to state a claim for relief.

DATED: April 4th, 2014

                                         BY THE COURT:

                                         s/Richard P. Matsch

                                         _____
                                         Richard P. Matsch, Senior District Judge